UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60178-DAMIAN

CASSANDRA BOSLEY,

    Plaintiff,

v.

PROFESSIONAL PARKING
MANAGEMENT CORP., *et al.*,

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION [ECF NO. 27]**

THIS CAUSE is before the Court on Defendants', Professional Parking Management Corporation ("PPM") and YSA Arm LLC d/b/a Oxygen XL ("Oxygen") (collectively, "Defendants"), Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration, filed September 8, 2023. [ECF No. 27 (the "Motion to Stay")]. Defendants filed a separate Motion to Compel Plaintiff, Cassandra Bosley ("Plaintiff"), to submit to arbitration. *See generally* ECF No. 23 (the "Motion to Compel"). That Motion is currently pending before the Court, and the issues raised therein are set for trial before the undersigned on February 12, 2024. [ECF No. 43].[1]

---

[1] This matter is before the undersigned pursuant to the parties' Joint Notice of Consent to Proceed to Jury Trial Before a United States Magistrate Judge [ECF No. 36], in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings with respect to Defendants' Motion to Compel Arbitration, including jury trial pursuant to 9 U.S.C. § 4, and Order of Referral to Magistrate Judge for All Proceedings Upon Consent of Parties entered by the Honorable K. Michael Moore, United States District Judge [ECF No. 41]. *See* 28 U.S.C. § 636(c).

The undersigned has reviewed the parties' briefing regarding the Motion to Stay, including Plaintiff's Response in Opposition [ECF No. 32 (the "Response")] and Defendants' Reply in Support of the Motion [ECF No. 34], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons set forth herein and discussed on the record, the Defendants' Motion to Stay is **GRANTED IN PART**.

## I.     BACKGROUND

On January 31, 2023, Plaintiff filed her putative class action Complaint alleging Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), after Plaintiff incurred parking fee obligations in a privately-owned parking lot in Hollywood, Florida, sometime prior to August 1, 2022. *See* ECF No. 1 at 4–5. In the Complaint, Plaintiff alleges Defendants violated the FDCPA and FCCPA by attempting to collect debts in connection with the parking fees that they purportedly have no legal right to collect. *See, e.g.*, *id.* at 5–8.

In early August 2023, Plaintiff, on behalf of herself and the putative class, served discovery requests on Defendants. *See, e.g.*, ECF No. 27-1 at 2–10. On August 31, 2023, Defendants filed the Motion to Compel Arbitration,[2] arguing that Plaintiff agreed to individual arbitration on two separate occasions: once when she entered the parking lot, which had a sign at the entrance with the words "PARKING CONTRACT" that contained certain terms and conditions, including that individuals who park in the lot agree to an arbitration provision; and second, when she belatedly paid the incurred parking fee obligation

---

[2] Additionally, Defendants have moved to dismiss the action [ECF No. 17], and Plaintiff has responded [ECF No. 21]. Defendants' Motion to Dismiss is pending before the Court.

online, by way of a Terms and Conditions box containing the same arbitration provision that Plaintiff purportedly was required to check before submitting payment (the "clickwrap"). *See* Motion to Compel at 1–3. Thus, based on Plaintiff's agreement by way of the signage at the parking lot and the clickwrap terms, Defendants moved to compel Plaintiff to pursue her claims in "individual arbitration pursuant to the Federal Arbitration Act and/or the Florida Arbitration Code." *Id.* at 1. In her Response to the Motion to Compel, Plaintiff disputes that she agreed to arbitration and demands a jury trial on all issues concerning the formation of the agreement pursuant to 9 U.S.C. § 4. *See generally* ECF No. 28, 31.

In the Motion now before the Court, Defendants seek a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) until their Motion to Compel is resolved. *See* Mot. at 2. Defendants aver Plaintiff filed this class action suit in contravention of the express provisions of the arbitration agreement, which she ratified and reaffirmed by driving into the parking lot and making the online payment. *Id.* Plaintiff, in turn, contends that Defendants' Motion should be denied because the Motion to Compel is unmeritorious, a stay risks delaying Plaintiff's efficient prosecution of this action, and Defendants failed to demonstrate any specific prejudice should discovery continue. Response at 2.

## II.   LEGAL STANDARDS

Under Rule 26(c), the "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)). In so doing, "the Court should 'balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Lopez v. Auto Wax of S.*

*Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 WL 911176, at *2 (S.D. Fla. Mar. 2, 2021) (Ruiz, J.) (quoting *Feldman*, 176 F.R.D. at 652). "A court will not stay discovery pending resolution of a motion unless the motion is directed to all of the claims in the case." *Morat v. Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008). The moving party must demonstrate good cause to stay discovery. *See Lopez*, 2021 WL 911176, at *2; *VPNetworks, LLC v. Collective 7, Inc.*, No. 619CV1179ORL40LRH, 2020 WL 13227752, at *1 (M.D. Fla. Feb. 12, 2020). Further, "[w]hile it is not necessary for the Court to, in effect, decide the motion . . . to determine whether the motion to stay discovery should be granted, it is necessary for the Court to take a 'preliminary peek' at the merits of the motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

Citing *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F. 2d 648, 649–50 (11th Cir. 1988), Defendants argue the Motion should be granted because requiring Defendants to engage in discovery would subject them "to the very complexities, inconveniences, and expenses of litigation" that parties bound by an arbitration agreement seek to avoid. Mot. at 3–4. They assert that resolution of the Motion to Compel could ultimately absolve the need to undertake discovery in this case, as that responsibility would lie with the arbitrator. *Id.* at 4. Defendants further contend that granting a stay would not prejudice Plaintiff because the case is still near its inception. *Id.* at 5.

Plaintiff, on the other hand, contends Defendants' Motion to Compel is unmeritorious and unlikely to dispose of the case because: 1) the sign containing the arbitration provision at the entrance of the subject parking lot is inconspicuous and thus insufficient to bind Plaintiff into a formal agreement, and 2) Plaintiff expressly refutes having checked a Terms and

4

Conditions box before paying online. *See* Response at 3. Plaintiff also disputes Defendants' claim that the case is near its inception and argues that Defendants have failed to demonstrate a specific undue burden they would suffer if discovery continued. *Id.* at 4.

In their Reply, Defendants argue that Plaintiff's reliance on case law decided in the context of motions to dismiss is misplaced and that Plaintiff fails to account for the consideration that, if the dispute is arbitrable, conducting discovery would fall within the duties of the arbitrator. Reply at 3. Defendants also assert that Plaintiff's delay argument is unavailing because Plaintiff has actively contributed to such a delay, as discovery was not propounded until August of 2023. *Id.* at 6.

### III.    DISCUSSION

#### A.    *A Stay of Class Certification And Merits Discovery Is Warranted.*

The undersigned finds that Defendants have demonstrated good cause for a stay of class and merits discovery, and, therefore, a stay of such discovery is warranted until the Court adjudicates the Motion to Compel Arbitration. While the Court expresses no opinion about the merits of Plaintiff's claims, "[d]istrict courts in this Circuit have, under similar circumstances, granted motions to stay pending a motion to compel arbitration." *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, No. 16-81719-CIV, 2017 WL 7794599, at *2 (S.D. Fla. Feb. 24, 2017) (citing *In re Managed Care Litigation*, No. 00-1334-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (Moreno, J.); *Harrell's LLC v. Agrium Advanced (U.S.) Tech., Inc.*, No. 8:10-1499-T-33AEP, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011); *O.N. Equity Sales Co. v. Merkel*, No. 2:07-531-FtM-29DNF, 2008 WL 380573, at *1 (M.D. Feb. 11, 2008)). The undersigned agrees that engaging in discovery before the Court issues a ruling on the pending Motion to Compel would force Defendants to engage in unnecessarily expensive

5

and time-consuming proceedings, which Defendants contend they contracted to avoid through arbitration. *See Feldman*, 176 F.R.D. at 652; *Johnson v. Whaleco, Inc.*, No. 5:23-CV-403-GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023).

Here, "[i]f the Motion to Compel Arbitration is granted, the need for merits discovery will be eliminated," *Morat*, 2008 WL 11336388, at *2, precisely because the agreement at issue would forbid a class action, force Plaintiff to submit her individual claims to arbitration, and place the responsibility of conducting discovery squarely upon the arbitrator. *See* ECF No. 23-1 at 6, 15, 20. Given the nature of this suit, "the Court is cognizant of the complexity of the issues involved in this litigation and the amount of time, effort, and money that all parties are expending litigating this case."[3] *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001). "While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help prevent duplicative and inefficient litigation." *Lopez*, 2021 WL 911176, at *4 (quoting *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021)).

Further, to the extent Plaintiff contends a stay of discovery risks delaying her efficient prosecution of this action, the Court is unpersuaded. Defendants underscore that written discovery had not been propounded until late summer 2023. And, discovery will no doubt run past the current cutoff date in light of the jury trial that the parties will undertake

---

[3] In their Motion to Compel, Defendants argue that Plaintiff must also individually arbitrate her claims against Oxygen, even though it is not a party to the agreement at issue, because the claims against Oxygen are inextricably intertwined with the claims against PPM and because a non-party may also be compelled to arbitration when they are alleged to have engaged in interdependent and concerted misconduct with the party defendant. *See* Motion to Compel at 12–14. Plaintiff does not dispute the foregoing in her Response to the Motion to Compel. In any event, the Court agrees with Defendants. *See, e.g.*, *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947–48 (11th Cir. 1999) (holding principles of equitable estoppel allow non-signatories to a contract to compel arbitration).

6

concerning the making of the arbitration agreement. Should the Court later find for the Plaintiff in that regard, extension of the current discovery deadlines will likely be necessary.

      **B.**    *Discovery Regarding The Formation Of The Arbitration Agreement May Proceed.*

For the reasons discussed on the record during the October 31, 2023 Status Conference, and in light of Plaintiff's request for a jury trial on the issue of whether she agreed to the arbitration agreement in the parking signage and the clickwrap provision [ECF No. 31], the Court finds that limited discovery relevant to this issue in advance of such trial is warranted.

Therefore, the parties shall participate in limited discovery on the issue of whether Plaintiff agreed to the arbitration provision, as further detailed on the record, in accordance with the Court's Scheduling Order issued concurrently herewith. [ECF No. 43]

## IV.    CONCLUSION

Accordingly, for the reasons set forth above and during the October 31, 2023, Status Conference, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED AND ADJUDGED** as follows:

    1.    Discovery regarding the merits of the claims in the lawsuit and class certification is **STAYED** pending the Court's determination of the issues regarding whether Plaintiff agreed to the arbitration provision.

    2.    Discovery relevant to the issue of whether Plaintiff agreed to the arbitration agreement in the parking signage and the clickwrap provision may proceed in accordance with the Scheduling Order entered November 2, 2023. [ECF No. 43].

3. All discovery served prior to this date and the responses thereto are **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of November, 2023.

```
_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE
```

Copies to:
Counsel of Record